UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

EDWIN T. YOUNG                                                                                          PLAINTIFF

v.                                          Civil No. 4:15-cv-04016-SOH-BAB

WARDEN MARTY                                                                                       DEFENDANTS
BRAZELL and D. FLOYD
(Maintenance)

**REPORT AND RECOMMENDATION**

This is a civil rights action filed by Plaintiff, Edwin T. Young, pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Defendants' Motion for Summary Judgement.  ECF No. 26. A hearing was held on January 7, 2016, to allow the Plaintiff to give a sworn oral statement in response to the Motion.  ECF No. 31.  Plaintiff also submitted exhibits at the hearing.  ECF No. 33. After careful consideration of the briefing, exhibits and sworn statement of the Plaintiff, the undersigned makes the following Report and Recommendation.

1.      BACKGROUND

Plaintiff's claim centers on his slip and fall in his cell on December 24, 2014, while a pretrial detainee in the Miller County Correctional Facility ("MCCF").  ECF No. 1.  Plaintiff alleges unconstitutional conditions of confinement and denial of medical care.  ECF No. 1.

1

Plaintiff proceeds against Defendant Brazell in both his official and personal capacity. ECF No. 1, p. 4. Plaintiff proceeds against Defendant Floyd in his personal capacity. ECF No. 1, p. 5. Plaintiff seeks monetary compensation for pain and suffering, mental anguish, and distress. He also seeks compensation for medical expenses he incurred as a result of the incident. ECF No. 1, p. 8.

Defendants filed their Summary Judgment Motion on November 20, 2015. ECF No. 26. A Summary Judgment Motion Hearing was held on January 7, 2016. Plaintiff appeared in person, and gave a sworn statement in response to the Motion. ECF No. 31. Plaintiff also submitted three exhibits to support his response. ECF No. 33. These included a typewritten outline of the case (ECF No. 33, pp. 1-4, Ex. 1), a LifeNet bill (ECF No. 33, p. 5, Ex. 2), and records from Wadley Regional Medical Center (ECF No. 33, pp. 6-10, Ex. 3).

At the hearing, Plaintiff testified there was condensation leaking from the windowsill into his cell. He complained of this, and was told to put in a maintenance request to Defendant Floyd, which he did on December 16, 2014. He also filed several grievances. He testified Defendant Floyd is the maintenance supervisor for the facility. Plaintiff testified he put blankets down on the puddle. Plaintiff said he fell on December 24, 2014. He testified he was transported to Wadley Regional Medical Center for treatment. He testified he hit his head, neck, and elbow, and the fall aggravated an old buckshot wound near his spine. He testified it took them a long time to take him to the medical center. He further testified MCCF refused to give him the Norco 10 narcotic pain medication he was prescribed at Wadley, and instead gave him Tylenol or ibuprofen for two weeks. He then had to buy the pain medications himself at the commissary, and he did not have the money to do so. He testified he was without pain medication from mid-January to about March

2014.

When queried by the Court, Plaintiff testified he did not have any direct contact with either Defendant. His only contacts were written grievances or a written maintenance request. Plaintiff supplied copies of some of these with his Complaint, and brought additional copies with him to the hearing. However, the additional copies were illegible. He testified the jail had the originals. Plaintiff testified there was no policy or custom of the jail which injured him. He testified the facility did have a habit or custom of ignoring complaints like his.

**2.      LEGAL STANDARD**

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion

for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

**3.   DISCUSSION**

    **A.   Conditions of Confinement**

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety."

*Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

[T]he existence of slippery conditions in any populous environment represents at most ordinary negligence rather than a condition so threatening as to implicate constitutional standards." *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014). "[S]lippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." *Jackson v. State of Ariz.,* 885 F.2d 639, 641 (9th Cir. 1989).

Plaintiff maintains he slipped and fell because Defendants did not respond to his requests to clean up a condensation puddle on the floor. At most, this constitutes negligence, which is not actionable under § 1983.

**B.     Denial of Medical Care**

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).

The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those

needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Further, it is well settled that a "prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail[s] to rise to the level of a constitutional violation." *Nelson v. Shuffman,* 603 F.3d 439, 449 (8th Cir. 2010) (internal quotation marks and citations omitted). An "inmate must clear a substantial evidentiary threshold to show the prison's medical staff deliberately disregarded the inmate's needs by administering inadequate treatment." *Id.* Despite this, issues of fact exist when there is a question of whether or not medical staff exercised independent medical judgment and whether the decisions made by medical staff fell so far below the reasonable standard of care as to constitute deliberate indifference. *See Smith v. Jenkins,* 919 F.2d 90, 93 (8th Cir. 1990).

Deliberate indifference may also be manifested by "prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed."

*Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976). However, the "Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minn.,* 557 F.3d 628, 633 (8th Cir. 2009). The objective seriousness of delay in treatment must be measured by reference to the effect of delay, which must be shown by verifying medical evidence in the record. *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005). Unless, however, the need for medical attention is obvious to a layperson in which case the plaintiff need not submit verifying medical evidence to show the detrimental effects of delay. *See Schaub,* 638 F.3d at 919 (citing *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 1999); *Aswegan v. Henry,* 49 F.3d 461, 464 (8th Cir. 1995); *see also Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir. 1995) ("noting that a delay in treatment, coupled with knowledge that an inmate is suffering, can support a finding of an Eighth Amendment violation").

     Plaintiff alleged the denial of narcotic pain medication after he was treated at Wadley Regional Medical Center. He alleged he was prescribed Norco 10, a narcotic pain medication, to be taken for two weeks after he fell. Instead, he was given only Tylenol or ibuprofen for those two weeks. He provided copies of his medical records from the medical center at the hearing. These records indicate he was given Norco 10 and Toradol at Wadley. ECF No. 33, p. 9. However, he was not prescribed Norco 10 or Toradol for his post-release care. Instead, the prescription states: "Take Ibuprofen 200 mg – 3 tablets 3 times daily with food for 5-7 days." ECF No. 33, p. 6. Plaintiff testified he was given Tylenol or ibuprofen for two weeks after he was released from Wadley. Thus, he actually received the prescribed pain medication for seven to nine days longer than was prescribed. Plaintiff's denial of medical care claim is therefore contradicted by the record.

**4.      CONCLUSION**

For the reasons stated, I recommend that Defendants' Motion for Summary Judgment (ECF No. 26) be **GRANTED** and Plaintiff's Complaint be dismissed with prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **28th day of June 2016.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE
